UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GARRISON,<br><br>                              Petitioner,<br><br>         -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | 24-CV-3121 (RMB)<br><br>22-CR-0613 (RMB)<br><br>DECISION & ORDER |

**For the reasons stated below, Kevin Garrison's petition "under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence" contending that he received ineffective assistance of counsel because he was "incorrectly advised" that "no appeal could be taken in light of the waiver set forth in the plea agreement" is respectfully denied. Petitioner did, in fact, waive his right to appeal and his counsel was not ineffective.**

**I.      Background**

A criminal complaint filed on May 12, 2022 charged Kevin Garrison ("Petitioner" or "Garrison") with possession with intent to distribute narcotics (cocaine) and "possession of a firearm in furtherance of a drug trafficking crime." Complaint, dated May 15, 2022, at 1–2. Garrison pleaded guilty on November 9, 2022, pursuant to a plea agreement dated October 11, 2022 ("Plea Agreement"). *See* Plea Tr., dated Nov. 9, 2022, at 19. The Plea Agreement included, among other things, a waiver of Garrison's right to file a direct appeal or bring a collateral challenge of any sentence within or below the Sentencing Guidelines Range of 57 to 71 months' imprisonment. *See* Plea Agreement, dated Oct. 11, 2022, at 4. On April 12, 2023, the Court gave Petitioner a "below-guidelines" sentence of 47 months' imprisonment. *See* Judgment, dated Apr. 12, 2023, at 2.

1

Garrison agreed to the following:

> [Petitioner] will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 57 to 71 months' imprisonment . . . . The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum [life]. . . . Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

Plea Agreement at 4. On April 12, 2023, Garrison was sentenced to 47 months' imprisonment, as noted, to be followed by 3 years of supervised release. *See* Judgment at 2–3. Garrison was represented by counsel Mark I. Cohen, Esq. ("Cohen").

On or about April 23, 2024, Garrison filed his *pro se* petition, dated April 10, 2024, alleging that he received ineffective assistance of counsel because Garrison was "incorrectly advised" by Cohen of "his right to appeal." *Id.* at 5. Garrison contends that, "[a]fter the sentence was imposed, defense Counsel informed [Garrison] that he did not have a right to appeal and could not appeal as [Garrison] had been advised by the Court." *Id.* Garrison asserts that he "would have appealed had he not been incorrectly advised." *Id.*

On June 24, 2024, the Government filed an opposition contending, among other things, that Garrison's "contentions" that "his counsel provided ineffective assistance by informing Petitioner that Petitioner did not have a right to appeal his conviction and sentence . . . are entirely contradicted by the record." Gov't Opposition, dated June 24, 2024 ("Gov't Opp."), at 1. **"The plea proceeding before this Court makes clear that [Garrison] understood that he was waiving his right to appeal his conviction and sentence as a condition of his plea, and that he had discussed the plea agreement with his counsel."** *Id.* at 6–7 (emphasis added).

2

On July 2, 2024, Cohen submitted an affidavit "addressing the allegations concerning ineffective assistance of counsel." Affidavit of Mark I. Cohen, Esq., dated July 2, 2024 ("Cohen Aff."), at ¶ 6.  Cohen stated, among other things, that he "met with Garrison in the Metropolitan Detention Center ('MDC') on October 21, 2022 to thoroughly review the entire plea agreement with him, including the appellate waiver." *Id.* at ¶ 11. Counsel "painstakingly read and reviewed each and every paragraph contained therein." *Id.* Cohen "met with Garrison in the MDC again November 4, 2022 to assure his familiarity with all of the terms of the plea agreement." *Id.* at ¶ 11. Cohen also states that "Garrison understood that his right to appeal the Court's sentence (prison time, fine, supervised release term, etc.) would be generally waived if the Court sentenced Garrison within or below the stipulated Guideline range contained in the plea agreement." *Id.* at ¶ 14. Despite receiving "a below-Guidelines term of 47 months' imprisonment," Cohen states that Garrison was **"disappointed that the Court did not grant him a greater downward variance from the recommended Guidelines range of imprisonment."** *Id.* at ¶ 15 (emphasis added). Following Garrison's sentencing, Cohen "reminded Garrison that by knowingly and voluntarily pleading guilty, he had waived his right to file a direct appeal or bring a collateral challenge against his below-Guidelines sentence, per page 4 of the plea agreement dated October 11, 2022." *Id.*

Garrison has not filed a reply.[1]

## II. Legal Standard

Where the petitioner is proceeding *pro se*, the Court construes his claims liberally, *see Marmolejo v. U.S.*, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 13 F.3d 787, 790 (2d Cir. 1994). A 28 U.S.C. § 2255 motion "is narrowly limited in order to preserve the finality of criminal sentences and to

---

[1] **Any issues or arguments raised by the movant but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

effect the efficient allocation of judicial resources." *U.S. v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018). It is "well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *U.S. v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001).

Claims of ineffective assistance of counsel are evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). The Court determines whether counsel's performance was (1) "deficient," according to "an objective standard of reasonableness," and (2) "prejudicial," meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. Where a defendant claims that counsel failed to consult with him about his appeal rights, "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). "The 'would have appealed' standard considers all of the circumstances, including whether there were nonfrivolous issues to appeal." *Sarroca v. U.S.*, 250 F.3d 785, 788 (2d Cir. 2001).

### III. <u>Analysis</u>

The Court finds that Garrison waived the right to file a direct appeal or to bring a collateral challenge of any sentence within or below the Guidelines Range of 57 to 71 months' imprisonment. *See* Plea Agreement at 4; *see Garcia-Santos v. U.S.*, 273 F.3d 506, 508 (2d Cir. 2001) (where petitioner signed the plea agreement and "stated to the magistrate judge that he read and understood the plea agreement"). Garrison was properly and thoroughly informed of the rights he was waiving. *See Kapelioujnyi v. U.S.*, 422 F. Appx. 25, 26 (2d Cir. 2011). Petitioner was in no sense prejudiced where, as here, he received a below-Guidelines sentence. *See Sarroca*, 250 F.3d at 788. There is little doubt that Garrison knew that he had waived appeal rights. *See Levitis v. U.S.,* 2020 WL 2836375, at *12 (S.D.N.Y. May 31, 2020) ("In determining whether a defendant understood the

consequences of a waiver, the district court is entitled to rely upon the defendant's sworn statements . . . that he understood that he was waiving his right to [] attack his sentence.").

**<u>Garrison's Waiver of Appeal Was Discussed with Counsel.</u>**

The waiver of appeal in Garrison's Plea Agreement is enforceable. *See U.S. v. Lajeunesse*, 85 F.4th 679, 692 (2d Cir. 2023) ("A plea agreement that waives the right to appeal a sentence is presumptively enforceable if it has been entered into knowingly, voluntarily, and competently."). Cohen states, unequivocally, that, on October 21, 2022, he "thoroughly review[ed] the entire plea agreement with [Garrison], including the appellate waiver." Cohen Aff. at ¶ 11. Cohen "met with Garrison in the MDC again November 4, 2022 to assure his familiarity with all of the terms of the plea agreement." *Id.* at ¶ 11. Cohen also states that "Garrison understood that his right to appeal the Court's sentence (prison time, fine, supervised release term, etc.) would be generally waived if the Court sentenced Garrison **within or below** the stipulated Guideline range," *id.* at ¶ 14 (emphasis added), which happened here.

The Court made sure that Garrison understood the rights he was waiving in the plea agreement. *See* Plea Tr. at 20–21; Sent. Tr., dated April 12, 2023, at 20–21; *see U.S. v. Monzon*, 359 F.3d 110, 116–17 (2d Cir. 2004) (defendants should not be permitted to "escape the fairly bargained-for consequences of [their] agreement with the government [and] render the plea bargaining process and the resulting agreement meaningless"). During Garrison's guilty plea allocution on November 9, 2022, the Court determined that Garrison had "a full opportunity to discuss all aspects of this case with [his] attorney"; and that he read the Plea Agreement "carefully and discussed it fully with [his] attorney." Plea Tr., at 7, 19. And, Garrison realized that the Plea Agreement included a waiver of "the right to file a direct appeal . . . [and] the right to bring . . . a collateral challenge . . . **of any sentence that is at or below the stipulated Guideline range of**

5

**57 to 71 months of imprisonment**." *Id.* at 19–20 (emphasis added). The Court found that Garrison was "fully competent and capable of entering an informed plea" and that "the plea of guilty is a knowing and voluntary plea."[2] *Id.* at 26; *see Cook v. U.S.*, 84 F.4th 118, 123 (2d Cir. 2023).

The Government points out that: "[t]he plea proceeding before this Court makes clear that [Garrison] understood that he was waiving his right to appeal his conviction and sentence as a condition of his plea, and that he had discussed the plea agreement with his counsel." Gov't Opp. at 6–7; *see U.S. v. DeJesus*, 219 F.3d 117, 121 (2d Cir. 2000) (rejecting the defendant's assertion that his waiver "was not knowing and voluntary" because such a contention was "belied" by his statements during the plea colloquy). As noted, the Court questioned Garrison directly and extensively during the plea allocution about Garrison's appeal waiver. *See* Plea Tr. at 20–21; Sent. Tr. at 20–21. Garrison acknowledged that he understood that he was waiving his right to file a direct appeal or bring a collateral challenge of any sentence within or below the Guidelines Range of 57 to 71 months' imprisonment. *See id.*

> **Court:** And you also, in this plea agreement, give up certain rights that you have; you waive, in fact, the right to file a direct appeal. Do you realize that?
>
> **Defendant:** Yes, your Honor.
>
> **Court:** You also waive the right to bring what's called a collateral challenge, including, but not limited to, an application under Title 28, United States Code, Sections 2255 and/or 2241 of any sentence that is at or below the stipulated guideline range of 57 to 71 months of imprisonment.
>
> So, what that means is if you get sentenced to 57 to 71 months or lower . . . , then you have waived, also, your right to appeal and/or to make an application, the so-called habeas applications. Do you realize that?
>
> **Defendant:** Yes, your Honor. . . .

---

[2] Garrison also signed and acknowledged an Advice of Rights form, dated November 9, 2022, stating that his "decision to plead guilty [was] freely and voluntarily made"; his "attorney has explained" his "constitutional rights"; and he was "satisfied with how [his] attorney has represented [him]." *See* Plea Tr. at 2–3.

6

The Court specifically discussed Garrison's waiver of appeal (again) at sentencing:

**Court:** I advise Mr. Garrison to the extent that you have not already waived your appeal rights in the plea agreement, which is dated October 11, 2022, and in fact [] that plea agreement [states that] the defendant agrees that he will not file a direct appeal, he will not bring a collateral challenge, including any challenge or application under 28 United States Code, Sections 2255 and or 2241, the so-called habeas provisions of any sentence that is at or below the stipulated guideline range of 57 to 71 months. Of course, this sentence is 10 months below that range, so these waivers of appeal do apply. . . . Do you understand that?

**Defendant**: Yes, your Honor.

Following Garrison's sentencing, Cohen "reminded Garrison that by knowingly and voluntarily pleading guilty, he had waived his right to file a direct appeal or bring a collateral challenge against his below-Guidelines sentence, per page 4 of the plea agreement dated October 11, 2022." *Id.*; *see Kapelioujnyi v. U.S.*, 422 F. Appx. 25, 26 (2d Cir. 2011) (where "counsel explained that petitioner had waived his appeal rights and that the sentence was within the plea agreement's stipulated Guidelines range").

There is little doubt that Garrison "was fully apprised of the appellate waiver in his plea agreement, which he acknowledged entering into voluntarily." Gov't Opp. at 5; *Abreu v. U.S.*, 2023 WL 6632951, at *2 (2d Cir. Oct. 12, 2023). Garrison's claim is "comprised solely [of] conclusory allegations contradicted by the court's questioning of him" and by Cohen's Affidavit. *U.S. v. Fleurimont*, 401 Fed. Appx. 580, 582 (2d Cir. 2010); *Gist v. U.S.*, 2021 WL 3774289, at *19 (S.D.N.Y. Aug. 24, 2021) ("Conclusory statements . . . without detail or supporting documentation, have been found inadequate to support a claim of ineffective assistance in the face of a credible and contradictory affidavit by counsel.").

**Garrison Suffered No Prejudice.**

Garrison "has not shown . . . that the purportedly deficient performance prejudiced his defense." *U.S. v. Ortiz*, 100 F.4th 112, 116 (2d Cir. 2024). The Government points out that, "[h]aving been sentenced to a below-Guidelines term of 47 months' imprisonment, the valid plea agreement waiver bars Petitioner for appealing that sentence. . . The Petition does not explain any basis upon which Petitioner would challenge his conviction and sentence on the merits . . . . Petitioner cannot show prejudice—that is, he cannot demonstrate in the face of the valid and enforceable appellate waiver and the record before this Court that he would have successfully appealed his conviction and sentence absent counsel's alleged ineffectiveness." Gov't Opp. at 8; *see Sarroca v. U.S.*, 250 F.3d 785 (2d Cir. 2001); *Castillo v. U.S.*, 2023 WL 6622071, at *7 (S.D.N.Y. Oct. 11, 2023) (finding no prejudice when petitioner did "not allege that any of his lawyers refused to file a notice of appeal that he asked them to file" and his "sworn statements at his plea show that he fully understood the plea and its consequences").

## IV.  Conclusion & Order

For the reasons stated herein, Garrison's petition (ECF No. 42 at 22-CR-613; ECF No. 1 at 24-CV-3121) is denied. The Court does not recommend that a certificate of appealability be issued because Garrison did not make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484–84 (2000); *see* 28 U.S.C. § 2253(c).

The Clerk of Court is respectfully requested to close 24-CV-3121.

Date: August 13, 2024
New York, New York

RICHARD M. BERMAN, U.S.D.J.